606 APPELLATE COURTS OF ILLINOIS.

H. D. Smith & Co. v. Aurora Automatic Mach. Co., 201 Ill. App. 606.

## H. D. Smith & Company, Appellant, v. Aurora Automatic Machinery Company, Appellee.

### Gen. No. 22,345.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed October 30, 1916.

### Statement of the Case.

Action by H. D. Smith & Company, a corporation, plaintiff, against the Aurora Automatic Machinery Company, a corporation, defendant, in the Municipal Court of Chicago, to recover for breach of a contract for the delivery by plaintiff to defendant of a quantity of "crank forgings." From a judgment of *nil capiat,* plaintiff appeals.

CHARLES B. HAFFENBERG, for appellant; WILLIAM FRIEDMAN, of counsel.

MONTGOMERY, HART, SMITH & STEERE, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

SALES, § 334*—*when seller in default preventing recovery by him.* In an action to recover on a contract for the delivery by plaintiff to defendant of a quantity of "crank forgings," the following facts appeared: Defendant attempted to cancel the order, but plaintiff refused, and threatened to send and did send the matter to its attorney. Defendant later decided to perform the contract and requested plaintiff to ship the goods as originally agreed, which called for payment in sixty days. Plaintiff refused to ship the goods unless $1,500 was paid in advance, whereupon defendant then can-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

celed the contract. *Held*, that plaintiff was primarily in default in refusing to carry out the contract as made and in attempting to impose new conditions, and was without remedy for the damage sustained, although had it acted on defendant's first attempted cancellation it might have recovered damages suffered by that breach.

---

## Burkett Ovenu, Appellant, v. Esther Ovenu, Appellee.

### Gen. No. 22,348.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed October 30, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill for divorce by Burkett Ovenu, complainant, against Esther Ovenu, defendant, in the Superior Court of Cook county. From a decree dismissing the bill for want of equity, complainant appeals.

The ground on which the divorce was sought was adultery, which was denied by the answer. The adulteries relied on were alleged to have been committed with an unknown man while defendant was living apart from complainant, and to prove the charge complainant relied on the testimony of detectives, who, although claiming to have seen defendant's alleged paramour on several occasions, were unable to identify or trace him. For defendant was offered testimony of neighbors, people of repute, who would have been likely to have seen the occurrences, had they occurred, who negatived the probability of such occurrences. It also appeared that an employee of the Commonwealth Edison Company lived in the apartment below that of defendant, and was in the habit of going in and out of